**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES EDWARD ALLEN, CDCR # D-76353,<br><br>                 Plaintiff,<br>v.<br><br>RALPH DIAZ, et al.,<br><br>                 Defendants. | Case No.: 21cv0602-LAB (RBM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** |

On April 6, 2021, Plaintiff Charles Edward Allen, a state prisoner incarcerated at Calipatria State Prison ("Calipatria") and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Allen alleged he was approved for a religious vegan diet but was not provided the diet for three weeks, and he wasn't fed for those three weeks because no vegan meal option was available. (*Id*. at 7). He claimed he was denied his First Amendment right to a religious diet and his Eighth Amendment right to an adequately nutritious diet, and named as Defendants Calipatria Warden Montgomery, former California Department of Corrections and Rehabilitation ("CDCR") Secretary Diaz, Calipatria Food Manager Martinez, Calipatria Supervising Cook Travis, and Calipatria Food Supervisor J.

Lyon. (*Id*. at 5–16).

On September 3, 2021, the Court granted Allen leave to proceed *in forma pauperis* and screened the Complaint pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require the Court to sua sponte dismiss complaints by prisoners proceeding pro se which are "frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune." (Dkt. No. 10 at 4 (quoting *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc))). The Court found that the Complaint failed to state a First Amendment claim for deprivation of a religious diet because Allen did not allege a sincerely-held religious belief requiring a vegan diet. (Dkt. No. 10 at 8). The Court also found that the Complaint didn't state an Eighth Amendment claim for deprivation of an adequately nutritious diet because Allen failed to identify a defendant responsible for providing his meals who knew of and deliberately disregarded a substantial risk to his health or safety arising from his refusal to accept a non-vegan diet for the three-week delay in providing him a vegan diet. (*Id*. at 9–10). Allen was notified of those pleading deficiencies and of the requirements for stating a 42 U.S.C. § 1983 claim, was provided with a blank copy of this Court's 42 U.S.C. § 1983 amended complaint form for use in amending, and was instructed that any unnamed defendants and any claims not re-alleged in the amended complaint would be considered waived. (*Id*. at 8–11).

Allen has now filed a First Amended Complaint ("FAC") naming only Defendants Martinez, Travis, and Lyons (collectively, "Defendants"). (Dkt. No. 15). Allen didn't utilize the Court's amended complaint form and his FAC merely recites the legal requirements for providing adequate prisoner and religious diets under the Eighth and First Amendments, respectively, contending that the factual allegations in his original Complaint are adequate to state a claim because these Defendants are responsible for providing him an adequate diet under CDCR

regulations. (*See id*. at 3–12).

The FAC is subject to dismissal for two reasons. First, Allen may not rely on the factual allegations in the original Complaint to state a claim in the FAC, but must include his factual allegations in the FAC. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) ("[A]n amended complaint supersedes the original complaint and renders it without legal effect."); CivLR 15.1 ("Every pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading.").

Second, even liberally construing the FAC as alleging that Defendants Martinez, Travis, and Lyons are responsible under CDCR regulations for providing prisoners with approved religious or adequately nutritious diets, Allen has failed to follow this Court's instructions in the prior order of dismissal that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (Dkt. No. 10 at 4 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Allen was also instructed that while the court has an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)) (en banc), it may not, in so doing, "supply essential elements of the claim that were not initially pled," *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). (Dkt. No. 10 at 5). For the following reasons, the FAC doesn't contain sufficient factual allegations to plausibly allege essential elements of a First or Eighth Amendment claim.

## I. ANALYSIS

### A. Eighth Amendment Claim

The FAC begins with a recitation of case law providing that sustained deprivation of food can result in an Eighth Amendment violation. The FAC then states in a conclusory manner that: "Plaintiff avers that defendants Martinez, Travis, and Lyons did cause plaintiff to be subjected to the deprivation alleged in the complaint, whereby, said defendant [sic] did directly, implicitly approve and knowingly acquiesce in the unconstitutional conduct, thus, liable under 42 U.S.C. § 1983." (Dkt. No. 15 at 4). Allen argues that because CDCR regulations provide that Defendants are responsible for making sure prisoners have an adequate diet, they are liable under the Eighth Amendment for him not receiving an adequate diet. (*Id.* at 4–9).

In ruling on Allen's original Complaint, the Court found that even if Defendants were aware through Allen's inmate grievance that he was not being provided a vegan diet, his Complaint nevertheless failed to allege facts which plausibly alleged that they were personally involved in the alleged deprivation of his constitutional rights because there were no allegations that they were responsible for ensuring he received a vegan diet. (Dkt. No. 10 at 9–10). The Court noted that a prisoner claiming an Eighth Amendment violation must plausibly allege that prison officials acted with deliberate indifference to a serious risk to his health or safety in allowing that deprivation to take place. (*Id.* at 9 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Facts must be alleged showing the prison official had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834. A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference." *Id*. at 837.

Allen now alleges in his FAC that CDCR regulations provide that Defendants are responsible for making sure prisoners have an adequate diet, and that they are liable under the Eighth Amendment because they became aware he wasn't receiving an adequate diet through his inmate grievance. (Dkt. No. 15 at 4–9). But in order to state an Eighth Amendment claim, Allen must allege facts showing not only that they knew he was not receiving an adequate diet, but that they drew an inference that he faced a substantial risk of serious harm. There are no factual allegations which plausibly suggest these Defendants actually drew any inference that Allen faced a serious or substantial risk of harm by the three-week delay in providing him a vegan diet. Allen does not indicate what, if anything, he ate for those three weeks. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (holding that a defendant is liable under § 1983 when he or she personally participates in the constitutional deprivation); *Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Even assuming Defendants became aware that Allen had been approved for a religious vegan diet but didn't receive it for another three weeks, Allen still fails to plausibly allege that they even had the authority to act on his grievance or provide him with a vegan diet during those three weeks. Allen also fails to plausibly allege that Defendants were aware that what he was receiving to eat was insufficient and given in conscious disregard to a threat to Allen's health or safety, and they refused to act anyway. In other words, even where the Court finds that Allen is correct that these Defendants are required under CDCR regulations to provide prisoners adequate or approved diets, and assuming they were aware through his inmate grievance that he been approved for a vegan diet but was not provided one for three weeks, Allen's FAC nevertheless fails to plausibly suggest

5

21cv0602-LAB (RBM)

that Defendants actually drew an inference that Allen faced a serious or substantial risk of harm from that delay. Although the original Complaint identified the contents of the inmate grievance and alleged which Defendants were aware of its contents, the FAC contains no such allegations. In any case, Allen was instructed in the Court's prior order of dismissal that merely being aware of a grievance without some decision-making authority or ability to resolve the underlying issue is insufficient to establish personal participation in an alleged constitutional violation. *See Stewart v. Warner*, No. C15-5243 RBL-KLS, 2016 WL 1104893, at *5 (W.D. Wash. Feb. 29, 2016), report and recommendation adopted, No. C15-5243 RBL-KLS, 2016 WL 1089974 (W.D. Wash. Mar. 21, 2016) (holding that nurses who had reviewed and denied the plaintiff's grievances did not personally participate in alleged Eighth Amendment violations because they did not have decision-making authority over the plaintiff's care); *see also May v. Williams*, No. 2:10cv576–GMN–LRL, 2012 WL 1155390, at *3 (D. Nev. Apr. 4, 2012) (finding that merely denying grievances is not enough to establish personal participation under section 1983). Although Allen attempts to allege in the FAC that CDCR regulations delegate such decision-making authority to Defendants, he has not alleged facts in the FAC which plausibly allege Defendants Martinez, Travis and Lyon caused the three-week delay in implementing his vegan diet or deliberately ignored a substantial risk to his health or safety during that time.

**B. First Amendment Claim**

To state a claim for deprivation of a religious diet in violation of the First Amendment, Allen must allege that his religious belief is "sincerely held" and that his request for a vegan diet is "rooted in religious belief, not in purely secular philosophical concerns." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994). The original Complaint included no allegations regarding Allen's religious beliefs or religious need for a vegan diet, and the documents attached to it, which Allen

contended put the Defendants on notice of the alleged constitutional violation, similarly mentioned nothing regarding his religious need for a vegan diet. (*See* Dkt. No. 1 at 20–39). This Court, therefore, held that the Complaint failed to plausibly allege the Defendants were put on notice of a First Amendment violation.

Allen now contends in his FAC that he holds a sincere religious belief that requires a vegan diet. (*See* Dkt. No. 15 at 10–11.) However, in order to substantially burden the free exercise of religious beliefs, the interference must be more than an isolated or short-term occurrence. *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998). There are no allegations in the FAC regarding how long Allen was waiting to receive approval for a vegan diet before it was approved; how he accommodated his religious need for a vegan diet prior to his approval or during the approval process; why he was unable to continue that accommodation for the three-week period during which he was waiting to receive his approved diet; or how it burdened the free exercise of his religious beliefs. *Id.*; *see also Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 717–18 (1981) (finding a substantial burden exists where the state puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs").

In sum, Allen's FAC, like his original Complaint, fails to plausibly allege a First Amendment violation against Defendants Martinez, Travis and Lyon arising from a failure to provide a religious vegan diet for three weeks after it was approved, and fails to plausibly allege an Eighth Amendment violation against these Defendants from that delay.

### C. Leave to Amend

In light of Allen's *pro se* status, the Court grants him one final opportunity to amend his pleading to sufficiently allege a § 1983 claim against the dismissed Defendants. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend

[pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## II. CONCLUSION

Good cause appearing, the Court:

1. **DISMISSES** all claims against all Defendants in the FAC without prejudice and with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

2. **GRANTS** Allen forty-five (45) days leave from the date of this Order to file a Second Amended Complaint which cures the pleading deficiencies noted in this Order with respect to any or all other Defendants. Allen's Second Amended Complaint must be clearly entitled "Second Amended Complaint," include Civil Case No. 21cv0602-LAB (RBM) in its caption, and must be complete by itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

3. **DIRECTS** the Clerk of the Court to provide Allen with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for use in amending and instructs Allen to utilize the Court's form in amending.

**IT IS SO ORDERED**.

Dated: November 17, 2021

*Larry A. Burns*

Honorable Larry Alan Burns
United States District Judge