UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD ALLEN, CDCR #D-76353,<br><br>         Plaintiff,<br><br> vs.<br><br>RALPH DIAZ, et al.,<br><br>         Defendants. | Case No.: 21cv0602-LAB (MDD)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

  On April 6, 2021, Plaintiff Charles Edward Allen, a state prisoner incarcerated at Calipatria State Prison ("Calipatria"), proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleged he was denied his First Amendment right to a religious diet and his Eighth Amendment right to an adequately nutritious diet for three weeks, and named as Defendants Calipatria Warden Montgomery, former California Department of Corrections and Rehabilitation ("CDCR") Secretary Diaz, Calipatria Food Manager Martinez, Calipatria Supervising Cook Travis, and Calipatria Food Supervisor J. Lyon. (*Id*. at 5-16.)

  On September 3, 2021, the Court granted Plaintiff leave to proceed in forma pauperis and screened the Complaint pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require the Court to sua sponte dismiss complaints by prisoners

proceeding in forma pauperis which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. (ECF No. 10.) The Court found the Complaint failed to state a First Amendment claim for deprivation of a religious diet because Plaintiff did not allege a sincerely held religious belief requiring a vegan diet, and failed to state an Eighth Amendment claim for deprivation of an adequately nutritious diet because Plaintiff failed to identify a Defendant responsible for providing his meals who knew of and deliberately disregarded a substantial risk to his health or safety arising from his refusal to accept a non-vegan diet during the three-week delay in providing him a vegan diet. (ECF No. 10 at 8-10.) Plaintiff was notified of those pleading deficiencies, was notified of the requirements for stating a 42 U.S.C. § 1983 claim based on the denial of an adequate diet or a religious diet, was provided a blank copy of this Court's 42 U.S.C. § 1983 amended complaint form for use in amending, and was instructed that any amended complaint must be complete in and of itself and that any Defendants not re-named and any claims not re-alleged would be considered waived. (*Id*. at 8-11.)

On October 15, 2021, Plaintiff filed a First Amended Complaint ("FAC") naming Martinez, Travis and Lyon as the only Defendants. (ECF No. 15.) Plaintiff did not utilize the Court's amended complaint form as instructed and the FAC was not complete in and of itself. Instead, it merely recited the legal requirements for prisoner diets as required by the First and Eighth Amendments and contended the factual allegations in the original Complaint were sufficient to state a claim because the named Defendants were responsible for providing him an adequate diet under CDCR regulations. (*See id*. at 3-12.)

On November 17, 2021, the Court dismissed the FAC because Plaintiff was not permitted to rely on the factual allegations in the original Complaint in the FAC, and because even liberally construing the FAC as alleging Defendants were personally responsible under CDCR regulations for providing Plaintiff with his approved religious diet and/or an adequately nutritious diet, Plaintiff failed to follow this Court's instructions in the prior dismissal order that his vague and conclusory allegations regarding the deprivation of meals in his original Complaint were insufficient to state a claim. (ECF No.

16 at 3-7.) Plaintiff was once again notified of the deficiencies of his pleading, once again provided a blank copy of this Court's amended complaint form for use in amending, once again instructed that his amended complaint must be complete in and of itself and that any Defendants not re-named and any claims not re-alleged in the amended complaint would be considered waived, and given until January 3, 2022, to amend. (*Id*. at 8.)

On January 3, 2022, Plaintiff filed a motion to vacate the November 17, 2021, Order dismissing the FAC. (ECF No. 17.) He stated that the Court's amended complaint form was confusing, repeated his argument that Defendants, by granting his inmate grievance, had become aware after the three weeks had passed that he had gone three weeks without a vegan diet, but once again failed to allege any Defendant was aware he was not being provided a vegan diet during those three weeks. (*Id*. at 3-4.) The Court denied the motion to vacate and extended the time to amend until April 15, 2022. (ECF No. 18.) Plaintiff requested and was granted another extension of time to amend until May 27, 2022. (ECF No. 21.) Plaintiff filed a Second Amended Complaint ("SAC") on May 25, 2022, naming as Defendants Martinez, Travis and Lyon as well as the previously abandoned Defendants Diaz and Montgomery. (ECF No. 22.) Plaintiff has once again refused to use the Court's amended complaint form, once again includes mostly legal argument with very few factual allegations, and once again fails to state a claim upon which relief may be granted. (*Id*.)

### I. Plaintiff has once again failed to state an Eighth Amendment claim

Plaintiff alleges in the SAC that he "is of the Neter Faith and part of the religious beliefs thereof (as it relates to diet) is that, we do not eat meat, as such we do not kill animals for their meat consumption and consider it cruel to do so," and indicates that since June 22, 2020, he has been offered "a plant-based meal option, in which the meals contain no animal products or byproducts, including meat, poultry, fish, dairy, or eggs." (ECF No. 22 at 12-13; ECF No. 22-1 at 2.) He alleges that staff cooks Sandrez and Marano informed their supervisor Defendant Lyon on June 12, 2020, that Plaintiff had not had anything to eat for three weeks, that he was approved for a plant-based diet ten days later, and claims that Lyon and the other Defendants are liable for the three-week deprivation of food

because they were made aware of it after it happened when they granted his inmate grievance. (ECF No. 22 at 4-10.) Thus, Plaintiff claims, as he did in the previous versions of his pleading, that because Defendants are responsible for making sure prisoners have an adequate diet, and because they became aware he had not received an adequate diet for three weeks after that three-week period ended, and apparently because he was unable to eat anything offered him during that time, they are liable under the Eighth Amendment for him not receiving an adequate diet for those three weeks. (*Id.*)

The Court previously found that Plaintiff failed to set forth facts in his original Complaint or his FAC which plausibly alleged that Defendants Martinez, Travis and Lyon, even if they became aware through Plaintiff's inmate grievance that he had not been provided a vegan diet for three weeks, were personally involved in the alleged deprivation of his constitutional rights because there were no allegations that they were responsible for ensuring he received a vegan diet. (ECF No. 10 at 9-10; ECF No. 16 at 5-6.) Plaintiff was informed that a prisoner claiming an Eighth Amendment violation must plausibly allege that prison officials acted with deliberate indifference to a serious risk to his health or safety in allowing a deprivation to take place, and that facts must be alleged showing the prison official had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." (ECF No. 10 at 9, citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).)   A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff once again fails to allege any Defendant was responsible for him not receiving an adequate diet for three weeks, but merely maintains they became aware he had not been provided an adequate diet for three weeks after the fact, and alleges that ten days after Defendant Lyon was informed Plaintiff was not receiving a vegan diet, he was approved for the CDCR's plant-based diet. In fact, Plaintiff indicates that after he had been approved for a plant-based diet he was interviewed by Defendants Martinez and Lyon "in

regards to your continued refusal of the Plant Based Meals" offered prisoners, at which time Plaintiff told them: "I will only take the juice and eat my own rice and beans." (ECF No. 22-1 at 2.)  Thus, Plaintiff now clarifies that even the CDCR plant-based diet, had it been available to him for those three weeks, would not have been sufficient, but once again he does not indicate why the food offered him during the three weeks was unacceptable to him.

Even if a liberal construction of the SAC indicates that Plaintiff intended to allege Defendants knew of and ignored the fact that he was not receiving a diet he deemed acceptable during the three-week period, perhaps because he filed his grievance during that period, in order to state an Eighth Amendment claim Plaintiff must allege facts showing not only that Defendants knew he was not receiving an adequate diet but that they drew an inference that he faced a substantial risk of serious harm from the diet he was provided. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) ("Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."); *Farmer*, 511 U.S. at 837 (a prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.")  There are no factual allegations which plausibly suggest any Defendant drew an inference that Plaintiff faced a serious or substantial risk of harm by the three-week delay in providing him the CDCR-approved plant-based diet, which, once it was approved, he himself deemed insufficient without stating why.  Plaintiff alleges he was offered the plant-based diet ten days after he brought to the attention of Defendant Lyon that he had not been receiving an adequate diet for three weeks, refused the plant-based diet for an unstated reason once it was offered, and indicated he would accept only juice and would supplement his diet himself.  There are no allegations any Defendant was responsible for the allegedly unacceptable diet Plaintiff received for the three-week period before he raised the issue with Defendant Lyon.

Plaintiff has once again failed to plausibly allege that any Defendant was aware that what he was offered to eat for three weeks was inadequate but in a conscious disregard to

a threat to his health or safety refused to act. Even assuming Plaintiff is correct that Defendants are responsible for providing prisoners adequate or approved diets, and assuming they were aware through his inmate grievance he was dissatisfied with the diet available to him, Plaintiff has once again failed to allege facts in the SAC which plausibly suggest any Defendant actually drew an inference that he faced a serious or substantial risk of harm from the diet he was offered for those three weeks. In addition, Plaintiff now indicates Defendants were informed of the three-week alleged failure to provide him an adequate diet only after the three weeks expired, and once he was approved for the plant-based diet he refused it and supplemented his diet himself. Plaintiff has not, and it appears clear now that he cannot, set forth facts which plausibly allege any Defendant caused him not to receive an adequate diet for the three-week period he allegedly did without one, or by doing so deliberately ignored a substantial risk to his health or safety.

## II. Plaintiff has once again failed to state a First Amendment claim

In order to state a claim for deprivation of a religious diet in violation of the First Amendment, Plaintiff must allege that his religious belief is "sincerely held" and that his request for a vegan diet is "rooted in religious belief, not in purely secular philosophical concerns." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994). Plaintiff alleges he "is of the Neter Faith and part of the religious beliefs thereof (as it relates to diet) is that, we do not eat meat, as such we do not kill animals for their meat consumption and consider it cruel to do so." (ECF No. 22 at 12-13.) He indicates that since June 22, 2020, he has been offered "a plant-based meal option, in which the meals contain no animal products or byproducts, including meat, poultry, fish, dairy, or eggs." (ECF No. 22-1 at 2.)

In order to substantially burden the free exercise of religious beliefs, the interference must be more than an isolated or short-term occurrence. *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998). As with the previous versions of Plaintiff's pleadings, there are no allegations in the SAC regarding why the plant-based diet offered to Plaintiff violates his religious beliefs prohibiting consumption of meat or how it burdened the free exercise of his religious beliefs. *Id.*; *see also Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S.

707, 717-18 (1981) (A substantial burden exists where the state puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs.")

In sum, Plaintiff's SAC, like his original Complaint and FAC, fails to plausibly allege a First Amendment violation against any Defendant arising from a failure to provide a religious diet for three weeks and fails to plausibly allege an Eighth Amendment deliberate indifference violation against any Defendants from that delay. Accordingly, all claims against all Defendants in the SAC are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

## III.  Leave to Amend

The Court has repeatedly informed Plaintiff of the requirements for stating a claim based on his alleged failure to receive an adequate diet for three weeks in June 2020, has repeatedly identified the deficiencies of his pleadings in that respect, and Plaintiff has once again failed to state a claim. Because it is now absolutely clear he is unable to sufficiently allege a 42 U.S.C. § 1983 claim upon which relief may be granted, the dismissal of the SAC is without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## IV.   Conclusion and Order

Good cause appearing, the Court **DISMISSES** all claims against all Defendants in the SAC **WITH PREJUDICE** and without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Clerk of Court will enter judgment accordingly.

**IT IS SO ORDERED**.

Dated: June 28, 2022

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge